# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JAMES JESSIE, JR.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **No. CIV 10-118-JHP-SPS** |
| | ) | |
| **KEN GRACE,** | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This action is before the court on the defendant's motion to dismiss or for summary judgment. The court has before it for consideration plaintiff's complaint, the defendant's motion, and a special report prepared at the direction of the court, in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). Plaintiff did not file a response to the motion.

Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at James Crabtree Correctional Center in Helena, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking injunctive and monetary relief for alleged constitutional violations during his incarceration at the Carter County Detention Center (CCDC) in Ardmore, Oklahoma. The defendant is Ken Grace, Sheriff of Carter County.

Plaintiff asserts he has been waiting since September 2009 to be transferred from the CCDC to a DOC facility. He alleges the conditions of confinement at the detention center violate the Eighth Amendment, and he is being denied his ability to accrue earned credits, which could result in his speedier release. He complains the facility is so overcrowded that

inmates have to sleep on the floor, the conditions are unsanitary, the inmates are exposed to black mold, and there is no fresh air or sunshine. In addition, he claims there are threats of violence in the facility.

Plaintiff has requested an injunction directing the defendant to evacuate all inmates from the CCDC, until the black mold can be controlled. Plaintiff also asks the court to order a reduction in the inmate population to the designated capacity for the facility and to conform with the decree in the *Battle* case, CIV 72-095-JHP. The special report indicates plaintiff was transferred to a DOC facility on June 25, 2010, so the court finds his requests for injunctive relief are moot. *See Green v. Branson*, 108F.3d 1296, 1299-1300 (10th Cir. 1997) (citing *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345 (10th Cir. 1994)). *See also Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991); *White v. State*, 82 F.3d 364, 366 (10th Cir. 1996). Furthermore, to the extent plaintiff is complaining of violations of the *Battle* decisions, that case was closed for all purposes in 2001, and all injunctions were dissolved.

The defendant alleges plaintiff failed to exhaust his administrative remedies for his remaining claims, as required by the Prison Litigation Reform Act (PLRA). "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d

1030, 1032 (10th Cir. 2002) (citation omitted).  In deciding a motion to dismiss based on

nonexhaustion, the court can consider the administrative materials submitted by the parties.

*See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), *abrogated in*

*part on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007).

According to the special report, the CCDC has an inmate grievance policy that

requires inmates to submit written grievances when an inmate believes he has been subjected

to abuse, harassment, abridgement of civil rights, or a denial of specified privileges.  A

review of plaintiff's records, however, indicated he failed to submit any written grievances

regarding any of his claims prior to filing this complaint.

**ACCORDINGLY,** Defendant Ken Grace's motion to dismiss [Docket #17] is

GRANTED.  Plaintiff's requests for injunctive relief are DISMISSED WITH PREJUDICE,

and his remaining claims are DISMISSED WITHOUT PREJUDICE for failure to exhaust

administrative remedies.

**IT IS SO ORDERED** this 15th day of March, 2011.

James H. Payne
United States District Judge
Eastern District of Oklahoma